Cooley, Ch, J.:
The action in the court below was upon a written contract for the purchase of logs. The contract fixed a method for determining the quantity, and they were to be paid for by the thousand feet. Subsequently, on a difficulty arising in ascertaining the quantity in the manner provided for, it was agreed between Mr. Perkins and Mr. Hoyt, that they should take for the amount the mill run at West’s mill, where the vendees were having the logs sawed. The scaling at that mill would appear from the evidence to have been *very carelessly kept, but there is evidence that an account of it was kept, though for some reason it was not proved on the trial. There is also evidence that Mr. Ives at one time expressed his determination not to abide by the new arrangement which Perkins and Hoyt had made. A portion of the logs had been scaled by consent by one Holland, and concerning these no question arises on this record.
The defendants requested the court to give the following instruction: “If the jury find that the plaintiffs agreed that the measure of the mill run of lumber, together with the scale of Holland, should be the basis for determining the quantity of logs sold, and find further, that the mill run, except mill culls, has all been measured, and that amount, together with the Holland scale, has been paid for by the defendants, then the plaintiffs cannot recover.” This request was refused.
*479 Unless what was said by Ives put an end to the arrangement between Hoyt and Perkins, it would seem that this.instruction ought to have been given. But his saying that he would not abide by the arrangement, certainly could not terminate it unless the vendors assented. A mutual arrangement can only be terminated by like mutuality; and We do not understand that any thing of that nature was claimed on the trial. The only other assignable reason for not giving the instruction must be, that there was no sufficient evidence that the scaling at West’s mill was properly kept. But, as already stated, there was evidence for the jury on that point, and they might have found with the defendants upon it. At any rate it would be incumbent on the plaintiffs to show what the facts were concerning the sealing at West’s mill; they could not ignore them when there was proof in the case that the mill run at that mill was agreed upon as the guide in determining the quantity.
But it is also insisted on the part of the vendors that the arrangement to this effect was void because it assumed to modify a written contract without any new consideration. We think, however, that if any new consideration was ^requisite, the very difficulty which had arisen in aseertaining the quantity in the manner provided for by the contract of purchase was of itself sufficient. — Saveroool v. Farwell, 17 Mich., 308, 319.
The judgment is reversed, with costs, and a new trial ordered.
The other justices concurred.